UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

EDISON BUFORD,

    Plaintiff,

-v-

MIAMI-DADE COUNTY, MIGUEL CARBALLOSA,
individually and in his capacity as a Miami-Dade Police Officer
and COREY THOMAS, individually and in his official
capacity as a Miami-Dade Police Officer,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, EDISON BUFORD, by and through undersigned counsel and hereby sues the Defendants, MIAMI-DADE COUNTY, a political subdivision of the State of Florida, MIGUEL CARBALLOSA, individually and as a Miami-Dade Police Officer and COREY THOMAS, individually and as a Miami-Dade Police Officer and in support thereof allege as follows:

## PREMILINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief from this Court for injuries sustained by Plaintiff's after having been shot multiple times by defendants MIGUEL CARBALLOSA and COREY THOMAS in violation of the civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Constitution of the United States, including its Fourth and Fourteenth Amendments, and by the laws of the State of Florida.

2. On June 10, 2013, Plaintiff, Edison Buford, was driving in Miami-Dade County when he

1

began to observe a vehicle following him. Plaintiff took evasive measures to lose the vehicle but eventually crashed into a pole. Plaintiff exited his vehicle and proceeded to run away from the occupants in the vehicle that had been following him. When Plaintiff exited his vehicle he had in his possession an unloaded firearm and his cellular phone. As Plaintiff ran past the vehicle that was following him he tossed the unloaded firearm into a yard and continued running. Without identifying themselves as police officers and without provocation, the officers began firing their weapons at Plaintiff, striking him six times in the back, legs and testicles. At no time did Plaintiff fire a weapon at the police officers or assault the officers with a firearm.

## JURISDICTION AND VENUE

3. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) arising from excessive force, a violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and a claim for attorney's fees pursuant to 42 U.S.C. § 1988.

4. This Court has jurisdiction pursuant to Florida Statutes, 26.012, 34.01(c); and 28 U.S.C. §§ 1331 and 1343.

5. Venue is appropriate in this Court pursuant to Florida Statues § 47.011 and because the conduct that gives rise to this action took place in Miami-Dade County, Florida and within the Southern District of Florida. This action is brought pursuant to Title 42 U.S.C. §§1983, 1988, the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on Title 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitution al provisions mentioned above and under Florida tort law.

6. In connection with the acts, practices and violations alleged below, the defendants have each, either directly or indirectly, violated PLAINTIFF'S constitutional rights.

2

7. All conditions precedent under Florida law to the filing of this lawsuit have been satisfied.

8. PLAINTIFF seeks an award of general and special damages for permanent physical and emotional injuries, loss of earning capacity, enjoyment of life, punitive damage, court costs and attorney's fees.

## PARTIES

9. At all times material hereto, Plaintiff, Edison Buford, was a resident of Miami-Dade County, Florida, over the age of 18 years and is otherwise sui juris..

10. At all times material hereto, defendant MIAMI-DADE COUNTY, a political subdivision of the State of Florida, was an entity authorized and created under the laws of the State of Florida. The defendant, MIAMI-DADE COUNTY, assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

11. At all times material hereto, Defendant, MIAMI-DADE COUNTY was the public employer of Defendants, MIGUEL CARBALLOSA and COREY THOMAS.

12. At all times material hereto, defendant MIGUEL CARBALLOSA, was a Miami-Dade Police Department employee in the capacity of police officer, over the age of 18 and is otherwise sui juris. MIGUEL CARBALLOSA is being sued in his official and individual capacities.

13. At all times material hereto, defendant COREY THOMAS, was a Miami-Dade County Police Department employee in the capacity of a police officer, over the age of 18 and is otherwise sui juris. COREY THOMAS is being sued in his official and individual capacities.

14. Defendants, MIGUEL CARBALLOSA and COREY THOMAS are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the MIAMI-DADE Police Department, an agency of Defendant, MIAMI-DADE COUNTY.

15. At all times relevant herein, the individual Defendants were acting under color of the

laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and the Miami-Dade Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant MIAMI-DADE COUNTY, were acting for, and on behalf of, and with the power and authority vested in them by Miami-Dade County and the Miami-Dade Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

16. By the conduct, acts, and omissions complained of herein, Defendants MIGUEL CARBALLOSA and COREY THOMAS violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

17. Plaintiff has satisfied all conditions precedent to filing this lawsuit, including those imposed by Florida Statutes § 768.28.

18. Plaintiff has retained the services of the undersigned attorney and is obligated to pay reasonable attorney's fees and costs for such services in prosecuting the claims herein.

## FACTS

19. On June 10, 2013, Plaintiff was driving his girlfriend's white 2004 Nissan Maxima when he began to observe an unknown and unmarked vehicle following him.

20. After Plaintiff observed the vehicle following him he began to take evasive maneuvers in an attempt to lose the vehicle.

21. At no time did the vehicle activate any police lights or sirens.

22. Plaintiff was unable to lose the vehicle and eventually crashed into a pole.

23. Plaintiff exited his vehicle and had in his possession an unloaded firearm and his cellular phone.

24. As Plaintiff ran pass the vehicle that was following him he tossed the unloaded firearm into a yard and continued running.

25. Both individuals in the vehicle that was chasing Plaintiff exited the vehicle and drew their weapons.

26. When Plaintiff turned and realized they were police officers, he stopped running, raised his hands and stood still with his hands in the air.

27. The only thing in Plaintiff's hands at that time was his cellular phone.

28. Without provocation, the officers began firing their weapons at Plaintiff.

29. One of the projectiles struck the bottom of the cellular phone Plaintiff was holding and lodged into it.

30. Plaintiff turned to run for cover but decided to lie down in the street instead when suddenly he was shot six times in the back, legs and in his testicles, causing him to lose a testicle.

31. At no time did Plaintiff brandish or threaten the officers with a firearm.

32. After the shooting concluded, Plaintiff was arrested and charged with two counts of aggravated assault on a law enforcement officer and possession of a firearm by a convicted felon.

33. The Office of the State Attorney filed an information charging Plaintiff with two counts of aggravated assault on a law enforcement officer, possession of a firearm by a convicted felon and with fleeing and eluding.

34. After further investigation, the State Attorney subsequently *nolle prosssed* the aggravated assault of a law enforcement officer with a firearm and fleeing and eluding counts.

35. Plaintiff pled guilty to possession of a firearm by a convicted felon and was sentenced to three years in State Prison.

## COUNT I-DEFENDANT MIGUEL CARBALLOSA
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
## <u>EXCESSIVE FORCE</u>

36. Plaintiff re-alleges paragraphs 1-35 as if fully set forth herein.

37. The Fourth Amendment prohibits unreasonable use of force by a law enforcement officer when he has the lawful authority to seize an individual.

38. Defendant MIGUEL CARBALLOSA used excessive force when he fired his weapon numerous times at Plaintiff with the intent to kill him when Plaintiff posed no threat to the Defendant officers or to the public.

39. The use of force by Defendant MIGUEL CARBALLOSA was blatantly excessive and deprived Plaintiff of his Fourth Amendment right to be free from force that was excessive under the circumstances.

40. Defendant MIGUEL CARBALLOSA could have taken Plaintiff into custody without excessive or the intended deadly force used on that date and without causing Plaintiff's injury.

41. Defendant MIGUEL CARBALLOSA's conduct was deliberately indifferent to Plaintiff's clearly established constitutional rights.

42. As a direct, proximate and foreseeable result of the acts and omissions of Defendant MIGUEL CARBALLOSA, Plaintiff was severely injured and has in the past and will in the future suffer the following damages:

   a. Medical expenses;

   b. Mental pain and suffering;

   c. All damages allowable under 42 U.S.C. § 1983, Federal law and Florida State law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on Plaintiff's civil rights claim for excessive force brought pursuant to 42 U.S.C. § § 1983 and 1988, respectively:

A. A judgment for compensatory damages against Defendant MIGUEL CARBALLOSA;

B. Punitive damages against Defendant MIGUEL CARBALLOSA, in his individual capacity;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

D. A trial by jury on all issues so triable; and

E. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT II-DEFENDANT COREY THOMAS
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
## <u>FAILURE TO INTERVENE</u>

43. Plaintiff re-alleges paragraphs 1-35 as if fully set forth herein.

44. The Fourth Amendment prohibits unreasonable use of force by a law enforcement officer when he has the lawful authority to seize an individual.

45. Defendant COREY THOMAS used excessive force when he fired his weapon numerous times at Plaintiff with the intent to kill him when Plaintiff posed no threat to the Defendant officers or to the public.

46. The use of force by Defendant COREY THOMAS was blatantly excessive and deprived Plaintiff of his Fourth Amendment right to be free from force that was excessive under the circumstances.

47. Defendant COREY THOMAS could have taken Plaintiff into custody without excessive or the intended deadly force used on that date and without causing Plaintiff's injury.

7

48. Defendant COREY THOMAS conduct was deliberately indifferent to Plaintiff's clearly established constitutional rights.

49. As a direct, proximate and foreseeable result of the acts and omissions of Defendant COREY THOMAS, Plaintiff was severely injured and has in the past and will in the future suffer the following damages:

   d. Medical expenses;

   e. Mental pain and suffering;

   f. All damages allowable under 42 U.S.C. § 1983, Federal law and Florida State law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on Plaintiff's civil rights claim for excessive force brought pursuant to 42 U.S.C. § § 1983 and 1988, respectively:

   F. A judgment for compensatory damages against Defendant COREY THOMAS;

   G. Punitive damages against Defendant COREY THOMAS, in his individual capacity;

   H. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

   I. A trial by jury on all issues so triable; and

   J. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT III-DEFENDANT MIAMI-DADE COUNTY § 1983 *MONELL* CLAIM

50. Plaintiff re-alleges paragraphs 1-35 as if fully set forth herein.

51. Plaintiff was deprived on at least the following federal rights guaranteed under the United States Constitution:

   a. The rights to be from unreasonable searches and seizures;

   b. The right to enjoy civil and other statutory rights.

52. Defendant MIAMI-DADE COUNTY developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens its officers came into contact with.

53. It was the policy and/or custom of the MIAMI-DADE COUNTY to inadequately and improperly investigate citizen complaints of police misconduct.

54. It was the policy and/or the custom of the MIAMI-DADE COUNTY to ignore, tolerate or inadequately discipline its officers when acts of misconduct occurred.

55. Prior to June 10, 2013, Defendants MIGUEL CARBALLOSA and/or COREY THOMAS had histories of misbehavior that were ignored, inadequately investigated or resulted in inadequate discipline.

56. Defendant MIAMI-DADE COUNTY inadequately investigated or inadequately disciplined Defendants MIGUEL CARBALLOSA and COREY THOMAS, thereby failing to adequately discourage further misconduct.

57. Defendant MIAMI-DADE COUNTY tolerated and acquiesced to the excessive use of force by Defendants MIGUEL CARBALLOSA and COREY THOMAS on June 10, 2013.

58. Defendants MIGUEL CARBALLOSA and COREY THOMAS were not disciplined or reprimanded for violating Plaintiff's civil rights.

59. Defendant MIAMI-DADE COUNTY made no changes to its policies after the events on June 10, 2013.

60. Because of the policy or custom of ignoring, tolerating and improperly handling complaints of excessive use of force, Defendants MIGUEL CARBALLOSA and COREY THOMAS believed that their actions would not result in investigation or discipline but would be tolerated.

61. The above described policies and customs demonstrates a deliberate indifference on the part of the Defendant MIAMI-DADE COUNTY to the constitutional rights of persons its officers came into contact with, and were the cause of Plaintiff's deprivation of his constitutionally protected rights.

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief on Plaintiffs' civil rights claim brought pursuant to *Monell,* 42 U.S.C. § 1983 and § 1988:

A. A judgment for compensatory damages against Defendant MIAMI-DADE COUNTY;

B. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

C. A trial by jury on all issues so triable; and

D. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT IV-DEFENDANT MIAMI-DADE COUNTY STATE LAW CLAIM FOR ASSAULT AND BATTERY

62. Plaintiff re-alleges paragraphs 1-35 as if fully set forth herein.

63. Count IV is pled in the alternative to all other counts.

64. Defendants MIGUEL CARBALLOSA and COREY THOMAS' conduct was intentional but was not willful, wanton, or malicious.

65. Defendants MIGUEL CARBALLOSA and COREY THOMAS' conduct, as alleged herein, was committed within the course and scope of their employment as police officers with the Miami-Dade Police Department.

66. Defendants MIGUEL CARBALLOSA and COREY THOMAS' unprovoked shooting of Plaintiff constituted offensive and unprivileged touching of Plaintiff's person. in violation of Florida State law against assault and battery.

67. Defendant, MIAMI-DADE COUNTY, is responsible for the battery by Defendant

officers MIGUEL CARBALLOSA and COREY THOMAS in that the battery was intentional, but not malicious and was committed within the course and scope of Defendant officer MIGUEL CARBALLOSA and COREY THOMAS' employment with Defendant MIAMI-DADE COUNTY, such that *respondeat superior* applies to this action.

68. As a direct, proximate and foreseeable result of the acts and omissions of the Defendants, Plaintiff was severely injured and have in the past and will in the future suffer the following damages:

   a. Medical and psychological expenses;

   b. Mental pain and suffering;

   c. Physical pain and suffering;

   d. All damages allowable under 42 U.S.C. § 1983, Federal law, and Florida law.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Hialeah for damages in a sum in excess of the minimal jurisdictional limits of this Court, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

69. Plaintiff hereby demands a trial by jury on all issues so triable.

## DEMAND FOR ATTORNEY'S FEES

70. Plaintiff hereby demands payment of attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

Dated this June 8, 2017.

LAW OFFICE OF RODERICK D. VEREEN, ESQ., P.A.
Counsel for Plaintiff
P.O. Box 68-0697
Miami, Florida 33168
Tel: (786) 391-1751
Fax: (786) 409-3113
Email: Vereen2469@aol.com

By: _____
RODERICK D. VEREEN, ESQ.
Florida Bar No: 869589
Primary email: Vereen2469@aol.com